**Falen GHEREBI, et al., Petitioners,**

v.

**George W. BUSH, President of the United States, et al., Respondents.**

**No. CIV.A. 04CV1164RBW.**

United States District Court, District of Columbia.

Sept. 29, 2004.

Erwin Chemerinsky, Durham, NC, Stephen Yagman, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff.

Paul Clement, U.S. Department of Justice Office of Solicitor General, Terry Marcus Henry, U.S. Department of Justice, Washington, DC, for Defendants.

**MEMORANDUM OPINION AND ORDER CONFIRMING THIS COURT AS THE APPROPRIATE FORUM FOR RESOLUTION OF PETITION FOR WRIT OF HABEAS CORPUS**

JOYCE HENS GREEN, District Judge.

## I. Background

This case, in which a detainee at the Guantanamo Bay Naval Base seeks issuance of a writ of habeas corpus, has a lengthy procedural history. In January 2002, a group of journalists, lawyers, professors, and clergy members commenced litigation in the United States District Court for the Central District of California seeking habeas relief for a class of unidentified detainees held by the United States at Guantanamo Bay. The District Court dismissed the case partially on the ground that the individuals who were proceeding on behalf of the detainees did not have appropriate standing to represent them. *Coalition of Clergy v. Bush,* 189 F.Supp.2d 1036 (C.D.Cal.2002). The United States Court of Appeals for the Ninth Circuit affirmed the District Court's ruling on lack of standing but vacated the lower court rulings that there was no jurisdiction over the case in the Central District of California and that no United States court could adjudicate any individual habeas case of any of the Guantanamo Bay detainees. *Coalition of Clergy v. Bush,* 310 F.3d 1153 (9th Cir.2002), *cert. denied,* 538 U.S. 1031, 123 S.Ct. 2073, 155 L.Ed.2d 1060 (2003).

Subsequently, Belaid Gherebi as next friend filed an amended petition for writ of habeas corpus directly with the Ninth Circuit on behalf of his brother, Faren Gherebi.[1] The amended petition alleges that Faren Gherebi has been unlawfully detained at Guantanamo Bay since approximately January 11, 2002 in violation of the United States Constitution and the Third Geneva Convention. Named as respondents were President George W. Bush, Secretary of Defense Donald H. Rumsfeld, and "1,000 unknown named United States military personnel and government officers and/or officials." Upon the government's motion, the case was transferred from the Court of Appeals to the United States District Court for the Central District of California, where it was dismissed for lack of jurisdiction. *Gherebi v. Bush,* 262 F.Supp.2d 1064 (C.D.Cal.2003). Based

---

1. It appears that the detainee's correct first name is "Salim," but in most court documents he is referred to as "Falen," possibly as a result of a transliteration error. For the sake of consistency, the Court will continue to refer to the detainee as "Falen."

primarily on its reading of *Johnson v. Eisentrager,* 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255 (1950), the District Court ruled that no federal court has jurisdiction over the petitioner's claims in light of the finding that the Guantanamo Bay Naval Base is not within sovereign United States territory. 262 F.Supp.2d at 1067.

The Ninth Circuit reversed the District Court in a decision filed on December 18, 2003, holding that the District Court erred when it ruled that *Johnson v. Eisentrager* precluded federal district courts from exercising jurisdiction over Gherebi's petition. 352 F.3d 1278, 1282–83 (9th Cir. 2003). The decision also held that personal jurisdiction over Secretary of Defense Donald Rumsfeld could be asserted in the Central District of California. 352 F.3d at 1284. The Ninth Circuit, however, expressly left open the issue of whether transfer of the case to a different district court would be appropriate. *Id.*

On petition for writ of certiorari, the Supreme Court vacated the Ninth Circuit's decision, —— U.S. ——, 124 S.Ct. 2932 (2004), and remanded the case back to the Circuit Court for consideration of the decision issued two days earlier in *Rumsfeld v. Padilla,* 542 U.S. ——, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). The *Padilla* case involved a U.S. citizen who was apprehended by federal agents in New York, designated an "enemy combatant" pursuant to an order issued by President Bush to Secretary of Defense Rumsfeld, and subsequently detained in a Navy brig in Charleston, South Carolina. Relying on two generally recognized rules governing jurisdiction in habeas cases, the Supreme Court ruled that the detainee in *Padilla* could not pursue his petition in the Southern District of New York. The first rule invoked by the Supreme Court was the "immediate custodian rule," which provides that in most cases there is usually only one proper respondent to a given habeas petition under 28 U.S.C. § 2241 and that the proper respondent is usually the person who is the immediate physical custodian of the detainee. 124 S.Ct. at 2720–21. The second rule invoked by the Supreme Court was the "district of confinement" rule, which provides that in most habeas cases, a detainee is required to file his petition for habeas relief in the jurisdiction in which he is actually confined. 124 S.Ct. at 2722–23. Concluding that the facts of the case did not warrant the application of any exceptions to the immediate custodian and district of confinement rules and finding that Padilla's immediate custodian was the commander of the Navy brig in South Carolina, the Court concluded that the detainee was required to pursue his habeas action in that jurisdiction. 124 S.Ct. at 2724.

On remand from the Supreme Court, the Ninth Circuit in *Gherebi* confirmed its earlier decision and held that nothing in *Padilla* precluded it from exercising jurisdiction over Gherebi's petition and transferring the proceedings to the appropriate forum. 374 F.3d 727, 739 (9th Cir.2004). A key factor in the Ninth Circuit's decision was the Supreme Court's recognition of exceptions to the immediate custodian and district of confinement rules "where an American citizen is detained outside the territorial jurisdiction of any district court." *Id.* at 739 (quoting *Padilla* at 124 S.Ct. at 2718 n. 9). The Ninth Circuit interpreted both *Padilla* and the Supreme Court's decision in *Rasul v. Bush,* 542 U.S. ——, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004), to allow the application of the exception to the immediate custodian and district of confinement rules in cases filed by aliens detained at Guantanamo Bay. Accordingly, the Ninth Circuit transferred the case to the United States District Court for the District of Columbia as the most appropriate forum, citing cases

brought by parties confined overseas against federal government officials and litigated in the District of Columbia. *Id.*

Upon transfer to this Court, the case was assigned to Judge Reggie B. Walton. Judge Walton promptly ordered the Respondents to show cause why a writ of habeas corpus should not be issued and directed Respondents to notify the Court if they intended to file a motion to dismiss prior to their response to the show cause order. Respondents ultimately filed a motion to dismiss, the Petitioner filed an opposition, and Respondents filed a reply. Petitioner and Respondents also filed supplemental briefs in response to an order issued by Judge Walton seeking the parties' positions regarding whether the Commander of the United States Southern Command should be considered the proper respondent in this action and, if so, whether proper jurisdiction or venue would be in the Southern District of Florida, where the headquarters of the Commander are located.

In addition to their motion to dismiss, Respondents filed a motion seeking coordination of the numerous cases filed in this Court by Guantanamo Bay detainees. By order dated August 17, 2004, the Calendar and Case Management Committee designated this Judge to coordinate and manage all proceedings in these matters and to the extent necessary rule on common procedural and substantive issues. On September 14, 2004, the Executive Session of the United States District Court for the District of Columbia issued its resolution affirming that this Judge will continue to coordinate and manage proceedings in all Guantanamo Bay cases pursuant to the August 17, 2004 order. In accordance with the resolution, Judge Walton issued an order on September 17, 2004 referring this case to this Judge to coordinate and manage the proceedings.

## II. Discussion

Respondents raise four primary issues in seeking dismissal of the petition filed in this case. First, Respondents assert that "[a]s a threshold matter, there is a substantial question as to whether this Court has habeas jurisdiction over Secretary Rumsfeld, the only proper respondent named in the petition." Respondents' Motion to Dismiss or for Judgment as a Matter of Law and Memorandum of Points and Authorities in Support Thereof (hereinafter "Motion to Dismiss") at 5. Second, Respondents argue that "[a]s an alien detained by the military outside the sovereign territory of the United States and lacking a sufficient connection to this country, petitioner-detainee has no cognizable constitutional rights." Motion to Dismiss at 7–8. Third, Respondents claim that even if the Petitioner could invoke the United States Constitution, Respondents have not violated any constitutional rights as a matter of law. Fourth, Respondents assert that the Petitioner cannot state a claim under the Third Geneva Convention.

In furtherance of the efficient administration of this case and all other Guantanamo detainee cases that are currently filed or may be filed in the future, this Court has decided to sever and give priority to the threshold issue of whether the United States District Court for the District of Columbia is the proper forum for the resolution of the detainee's petition. This decision is in accordance with the Respondents' suggestion that questions regarding who is the proper respondent and where is the appropriate forum are common to all of the Guantanamo detainee cases and may be more appropriately resolved in a coordinated judicial effort. Motion to Dismiss at 7 n. 6. The more complex issues arising under the U.S. Constitution and Third Ge-

neva Convention raised in this case will be addressed at a later date.

As a preliminary matter, the Court recognizes the existence of an issue of terminology arising from the question of where this case should be litigated. Respondents frequently use the word "jurisdiction" when addressing whether this Court is the appropriate forum to resolve the Petitioner's request for habeas relief, while the Petitioner prefers to use the word "venue." The Supreme Court recognized the potential for linguistic confusion when discussing where habeas cases must be brought and indicated what terminology should be used. In *Padilla*, the Court wrote that it was reviewing the "jurisdictional" merits of a habeas petition filed in the Southern District of New York by an individual detained in South Carolina. The Court then clarified, "The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." 124 S.Ct. at 2717 & n. 7. Accordingly, this Court will use the term "habeas jurisdiction" when addressing whether the United States District Court for the District of Columbia is the appropriate forum—as opposed to a different federal court such as the Eastern District of Virginia—to resolve a petition for writ of habeas corpus brought by a detainee held at Guantanamo Bay.

■ The *Padilla* case makes clear the general rules that when a detainee is physically confined within the United States and seeks to file a petition for writ of habeas corpus, the petition must name as a respondent only the person having immediate custody of the detainee and must be filed in the district where the detainee is confined. 124 S.Ct. at 2724–25. However, as the Ninth Circuit acknowledged in this very case prior to transferring it here, 374 F.3d 727, 739, *Padilla* and other Supreme Court precedent recognize exceptions to these general rules when the detainee seeking relief is held outside the territorial jurisdiction of any district court. For example, *Padilla* notes that the Supreme Court has "long implicitly recognized an exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court." 124 S.Ct. at 2718 n. 9 (citing with approval *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955), in which a detainee in Korea sought habeas relief against the Secretary of the Air Force in the U.S. District Court for the District of Columbia, and *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), in which a detainee in Guam sought habeas relief against the Secretary of Defense in the U.S. District Court for the District of Columbia). *Padilla* also recognizes, "[W]e have similarly relaxed the district of confinement rules when 'Americans [sic] citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus.' . . . In such cases, we have allowed the petitioner to name as respondent a supervisory official and file the petition in the district where the respondent resides." 124 S.Ct. at 2725 n. 16 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) and again citing with approval *Toth* and *Burns* ).

Respondents in this case do not dispute that the Petitioner is outside the territorial jurisdiction of any United States district court and, therefore, they concede the applicability of the exceptions noted in *Padilla* to this case. In fact, the Respondents do not even assert that this Court is an inappropriate forum to resolve the Peti-

tioner's request for relief. Rather, they merely state that this Court "may." lack jurisdiction over Respondent Rumsfeld, who they claim is the only properly named respondent in the petition. Motion to Dismiss at 5. Respondents go on to clarify that they "have no interest in delaying these proceedings and are fully prepared to litigate in this Court, but respondents also want to avoid the delay inherent in litigating these issues in the wrong forum and so raise this possible jurisdictional defect for the Court's consideration." Motion to Dismiss at 7.[2] Respondents' only concern in this regard appears to be that because Secretary Rumsfeld works at the Pentagon in Arlington, Virginia, a court reviewing this case on appeal might *sua sponte* invalidate rulings by this Court on the ground that the case should have been litigated in the Eastern District of Virginia.

■ The Supreme Court's June 28, 2004 opinion in *Rasul v. Bush*, 542 U.S. ——, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004), makes clear that this Court is the appropriate forum for the resolution of the Guantanamo Bay detainee cases. The consolidated cases reviewed by the Supreme Court in *Rasul* were filed in the District of Columbia by Guantanamo Bay detainees seeking habeas relief against President Bush, Secretary Rumsfeld, and others. After holding that United States courts have jurisdiction to consider challenges to the legality of the detention of foreign nationals captured abroad in connection with hostilities and incarcerated at Guantanamo Bay, the Court went on to consider whether remand of the cases to the District of Columbia would be appropriate. Concluding in the affirmative, the majority wrote, "No party questions the District Court's jurisdiction over petitioners' custodians. Section 2241, by its terms, requires nothing more. We therefore hold that § 2241 confers on the District Court [for the District of Columbia] jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base." 124 S.Ct. at 2698 (citation omitted). Given Respondents' expressed desire to litigate this case in the District of Columbia in coordination with the *Rasul* cases, habeas jurisdiction clearly exists in this Court. The earlier Supreme Court cases cited approvingly in *Padilla* involving habeas cases filed in the District of Columbia against high ranking Pentagon officials also lend support to this conclusion. *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953) (habeas case brought in District of Columbia by military detainee in Guam against the Secretary of Defense); *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955) (habeas case brought in District of Columbia by military detainee in Korea against Secretary of the Air Force).

Accordingly, and for the above stated reasons, it is hereby

---

**2.** Interestingly, in one of the Guantanamo detainee cases originally filed in the United States District Court for the Western District of Washington and currently being coordinated by this Judge, counsel for President Bush and Secretary Rumsfeld argued that the case filed in Seattle was *required* to be litigated in the District of Columbia in light of the Ninth Circuit's opinion addressing habeas jurisdiction in this case. Notice of Motion and Motion to Dismiss or Transfer; Memorandum of Points and Authorities in Support Thereof, filed on July 16, 2004 in *Swift v. Rumsfeld*, No. C04–0777RSL (W.D.Wash.) at 8. After transfer to the District of Columbia, Judge James Robertson deemed the petition amended so that it appears filed under the detainee's name of Salim Ahmed Hamdan rather than under the name of a next friend. The caption of the case is now *Hamdan v. Rumsfeld*, Civil Action No. 04–CV–1519 (JR) (D.D.C.).

ORDERED that the portion of Respondents' Motion to Dismiss or for Judgment as a Matter of Law addressing habeas jurisdiction of this Court is severed from the rest of the Motion to Dismiss. It is further

ORDERED that the United States District Court for the District of Columbia shall retain habeas jurisdiction over this case. Other issues raised in the Motion to Dismiss will be addressed at a later date.

IT IS SO ORDERED.